IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISON

| | |
|---|---|
| SHAGARIAN JONES,<br><br>    Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br><br>Case No: 6:22-cv-176<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Shagarian Jones, by and through the undersigned counsel, and for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and Experian transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Tyler, a part of Smith County, Texas 75701.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tyler, a part of Smith County, Texas 75701, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant Experian, an Ohio corporation headquartered in Costa Mesa, California practices as a credit reporting agency throughout the country, including Texas.

8. Defendant Experian serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Tyler city and Smith County.

9. Defendant Experian has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant Experian purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant Experian has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tyler city and Smith County and Defendant complies and reports data to consumer credit files throughout the state of Texas.

11. Defendant Experian knowingly reported information regarding a Plaintiff domiciled in Tyler, Texas and thus has sufficient minimum contacts with this venue, making this venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Defendant's credit reporting and/or failure to properly dispute information violated the FCRA.

13. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

14. Plaintiff, Experian (hereafter "Plaintiff"), is a natural person currently residing in Smith County, in the state of Texas.

15. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

16. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

17. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

18. Merchants & Professional Bureau, Inc. ("MPB") is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than MPB.

20. Upon information and belief, on a date better known by MPB, MPB began to attempt to collect alleged consumer debts from the Plaintiff, including reporting the alleged debt on the Plaintiff's consumer report with Experian.

21. On or about June 4, 2020, Plaintiff sent a dispute letter to Experian notifying the accounts with MPB as disputed. **Exhibit A.**

22. Once Experian received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case MPB.

23. Upon information and belief, Experian received the letter sent by Plaintiff.

24. Upon information and belief, Experian failed to transmit notice of this dispute to MPB via an Automated Credit Dispute Verification form ("ACDV") or via any other means.

25. Upon information and belief, Experian failed to properly intake and investigate the dispute.

26. Upon information and belief, Experian does not maintain reasonable policies and procedures in order to properly intake notices of disputes.

27. Upon information and belief, Experian does not maintain reasonable policies and procedures to investigate disputes received from consumers.

28. On or about November 5, 2020, Plaintiff received an updated credit file from Experian. **Exhibit B.**

29. That the credit report was updated on October 4, 2020, by MPB.

30. The updated November 5, 2020, credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify MPB.

31. That the updated November 5, 2020, credit report did not contain updated marked as disputed information.

32. Upon information and belief, had Experian conducted a reasonable investigation of Plaintiff's dispute, MPB would have altered or deleted the incorrect tradeline reporting with Experian.

33. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

34. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Experian.

35. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by Experian.

36. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Experian.

37. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

38. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

39. Plaintiff attempted to pursue her rights yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

40. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of her debt in order to make a rational determination as to how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

41. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Experian.

42. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

### Count I: Violation Of 15 U.S.C. § 1681e(b) of the FCRA- Reinvestigations of Disputed Information

43. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

44. Experian violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recovery costs and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shagarian Jones, prays that this Court:

A. Declare that Experian's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Shagarian Jones, and against Experian, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Shagarian Jones, and against Experian, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

### Count II: Violation Of 15 U.S.C. § 1681i of the FCRA-

**Reinvestigations of Disputed Information**

48. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49. Defendant Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MPB; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

51. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

52. The Plaintiff is entitled to recovery costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shagarian Jones, prays that this Court:

    A.    Declare that Experian's credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Shagarian Jones, and against Experian, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

      C.     Or, in the alternative, enter judgment in favor of Plaintiff Shagarian Jones, and against Experian, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

      D.     Grant other such further relief as deemed just and proper.

## JURY DEMAND

53.    Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 6, 2022

Respectfully Submitted,

**HALVORSEN KLOTE**

By:   /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com